JOSEPH H. PERKINS, *Adm'r, versus* ABIEL CUSHMAN ET AL.

The proof should show the existence of a note corresponding to the one set forth in the declaration, or there will be a fatal variance.

In a declaration upon a note which is lost and cannot be produced, it is necessary not only to set out the substance of the whole note, but to prove the same as alleged ; and it is not enough to show that a note was once given and payable either on demand or on time.

Vagueness and uncertainty of proof is equally an objection to sustaining a count for money had and received.

Perkins *v.* Cushman.

By the rules of this court the defendant is entitled to a specification of the matters to be proved in support thereof.

This action is ASSUMPSIT upon a note of hand, and is reported for the consideration of the full court, upon the following facts:

It is admitted that the plaintiff is administrator on the estate of Freeman Snyder. No note was offered at the trial, but with a view to show that a note had been given by the defendants to the plaintiff's intestate and lost, the plaintiff proved by a witness that Freeman Snyder left Lee in October, 1854, went to sea, and died on board the John G. Coster, near Sicily, August 15, 1855; that the said Harriet received from one Captain Brown the effects of said Freeman, among which was the paper attached to the deposition, but that no other note or paper was received by her.

The plaintiff called G. S. Bean, who testified that he called on Charles A. Cushman, with the paper annexed to the deposition, some time after Freeman's death. Cushman objected to paying the note; said the note was a forgery; said they had the money, the amount in the note, but this was not their note, that had paid ten dollars, which he would not have indorsed on the forged note. Both defendants admitted that they had the money, and had not paid it; said the amount corresponded with the note offered, but it was a forgery, and they would not pay it.

The plaintiff offered his own affidavit to show that he had not received any note, except the paper annexed to the deposition, and that he had made inquiries and diligent search for the note, but was unable to find it.

The plaintiff also offered at the trial a bond of indemnity, to be approved by the presiding judge, to hold the defendants harmless from the payment of the note to any other person.

By consent of the parties, the case was withdrawn from the jury, and continued upon report.

*A. G. Wakefield,* counsel for the plaintiff.

The plaintiff, as administrator, represents the estate of Freeman Snyder, deceased. Personally, he does not know that the defendants gave the deceased a note in his life time. But the defendants acknowledge they owed the deceased for money, and assert that they gave him a note for their indebtedness to him for the money, corresponding with the amount mentioned in the paper offered.

G. S. Bean testifies, " that the defendants said the note presented to them was a forgery; said they had the money, the amount in the note, but this was not their note." Assuming from their statements that a note was given for the money, which they acknowledge they had, we say the note has been lost or destroyed, and think the court cannot fail to arrive at the same conclusion.

The administrator has used all diligence to find the lost note. Exertions for finding the note are exhausted. It would be useless to make further inquiries. It was not among his effects; it is not with the surviving relatives, and it is not within the research of the administrator, and *it is* altogether improbable that it has been negotiated, and is now held by any person.

We are not required to prove a positive loss or destruction of the note; a strong probability of the loss of an instrument is sufficient. *Bouldin* v. *Mussie,* 7 Wheat. R., 122.

It is sufficient if the party has done all that could reasonably be expected of him, under the circumstances of the case, in searching for the instrument. *Kelsey* v. *Haumer,* 18 Conn. R., 311.

Were the plaintiff the payee of the note, his affidavit would be sufficient to prove the loss. Greenl. Ev., vol. 2, s. 17.

In *Page* v. *Page,* 15 Pick. R., 368, the court ruled that the affidavits of the executors, who were the plaintiffs, were sufficient presumptive evidence of the loss of the note, to let in evidence of its contents. In this case no evidence of loss was offered, except the affidavits of the executors. By

an examination of the case, the court will see that they had not used the diligence to find the note, that the administrator has in the case under consideration.

Here the administrator not only offers his own affidavit, but the depositions of the surviving relatives, to prove the loss. Greenl. Ev., vol. 1, s. 558, and note.

Assuming that the loss of the note is satisfactorily proved, to let in evidence of the contents of the note, the plaintiff is entitled to recover.

The defendants both acknowledge that they had the money. They say, and we acknowledge, that since the death of Snyder they have paid the surviving sister ten dollars.

They say they gave a note. Of that note we have no knowledge. They did not say and do not say, the note was negotiable. There is not a particle of evidence that it was. The burden of proof is on the defendants, to show the note was negotiable. This they have failed to do, and the court are not to presume it. It must be proved, like any other fact. Having failed to do this, they are liable in this action, by the uniform decisions and authorities, and we are not required to give an indemnifying bond. Greenl. Ev., vol. 2, s. 156, and notes; Byles on Bills of Exchange, p. 428, and note.

If the note were negotiable, the plaintiff is entitled to recover, on filing a satisfactory bond to hold the defendants harmless. *Page* v. *Page*, 15 Pick. R., 368; *Fales* v. *Russell*, 16 Pick. R., 315.

I am aware that the decisions are not uniform on this point, and the case of *Torrey* v. *Foss*, 40 Maine R., 74, seems to be somewhat at variance with the above decisions, or rather the dicta seem to be. Some of the dicta seem also to be in favor of these decisions.

Of course, the only point that could be decided in that case, was that an action could be maintained on a lost note, when at the *time of the judgment* the defendant was protect-

ed by the statute of limitations, though *he was not at the time* of the *commencement* of the action.

The note of the defendants is not yet barred by the statute, but a bond of indemnity has been tendered the defendants, approved by the court, and accepted as sufficient by the defendants' attorney, and he now has it. This fulfills all the conditions that a court of chancery could impose on the plaintiff, in order that he might recover. The court could not improve the defendants' condition by sending this case to a court of chancery. He would have precisely the same security he now has, and no more, and would have no more protection in other respects.

But if the court are not satisfied that we are *now* entitled to recover, a continuance of the action can be ordered, and judgment delayed till the note is barred by the statute.

In *Fales* v. *Russell*, 16 Pick. R., 315, the court say, " it cannot admit of any reasonable doubt, that this (the continuance) would be within the power of the court, and cases may be imagined in which this would be a proper remedy."

*A. W. Paine*, counsel for the defendants.

Whether an action at *law* can be maintained in this state upon a lost note, is (it seems) still a matter of grave doubt, especially under the circumstances of this case. The note alleged to be lost here was given in October 13, 1854, soon after which the payee went on a voyage to sea, up the Mediterranean, and there died near the island of Sicily. The probabilities are very much against his having taken the note with him, but he would more naturally, as he probably did, leave the note behind, and still more probable have sold it before leaving. For some reason he took a copy of it with him, and that copy was found after his death among his effects, and sent home to his friends.

The first question under this state of things is:

1. Whether an action at law can be maintained for the note? The able opinion of the Chief Justice of this court,

in *Torrey* v. *Foss*, 40 Maine R., 74, does not decide the point, but leaves a case like this altogether uncertain. On the contrary, the remarks of the court, on p. 85, where they give the doctrine deducable from the cases in England and New York, as well as Massachusetts and Maine, limit the right of action to cases where "the note has been lost after it is indorsed, if the defendant is not exposed to pay a second time," &c. The court further remark in the next sentence, that a " *court of equity is the only jurisdiction in such a case which can afford security to the defendant, and allow the plaintiff to recover.*"

The remark of Lord Eldon, as quoted on p. 86, that "he could not understand by what authority courts of law compelled parties to take the indemnity," makes a suggestion certainly worthy of grave consideration, before its heeding is disregarded.

On this point, however, the court having so thoroughly discussed the point in the opinion cited, it is felt that nothing further need be added by the counsel.

2. A second question arises whether here there is such proof of loss as will let in the party to recover, under the circumstances, even though my first point be overruled.

The administrator's affidavit can certainly be good for nothing. He is not placed in circumstances to give his affidavit any force. He lives in Maine, while his intestate lies " deep in the dark green sea," having died more than four thousand miles off. All he can say is, that he has not got it, and so can your honors or any bystander.

And the testimony of the depositions is merely that the defendants did not find the note among the old clothes and trinkets, which were sent home from his Mediterranean burial place.

All this testimony falls very much short of the proof of loss made in the case cited, and certainly so from that certainty which the party is entitled to, when called upon to pay an unproduced note.

3. As to the indemnity. It should be given *before suit.*

32

Perkins *v.* Cushman.

This was not given until after trial. A plaintiff should not thus harrass a defendant, and at the end of a long and expensive law suit, saddle all the costs upon the party, by making out for the first time a good cause of action, after the trial is had.

4. As matter of form, the action is incorrectly brought, as it should declare on the note as a lost note, and *proffer* the indemnity. The record should be such as would show the identity of the note, and give the reason of its absence from the files and its non-production in court.

5. The money count will not help the plaintiff, wherein his other counts fail. He cannot prove his loan under it, because the loan was paid by his note given for it. The note, if produced, would support it, but when lost, we think it will not.

6. If judgment is rendered for the plaintiff, the ten dollars paid should be allowed. It was paid to the beneficiary of the estate, who was entitled to recover it.

APPLETON, J. The declaration contains two counts: one on a note dated October 1, 1854, for $53,33, payable to Freeman Synder, in eight months, and the other for money had and received.

At the trial no note was produced, and the plaintiff claimed to recover on a lost note.

The declaration describes the note, for the non payment of which, if of any note, a judgment must be rendered. The proof should show the existence of a note corresponding to the one set forth in the declaration, else there will be a variance. But the evidence entirely fails to give any satisfactory description of the note alleged to have been given. It does not appear what was its date, whether payable to Freeman Snyder or to his order, whether on demand or on time, and whether with or without interest. In a declaration upon a bond which is lost and cannot be produced, it is necessary not only to set out the substance of the whole condition of the bond, but also to prove the same as alleged. *Stickney* v.

*Stickney,* 1 Foster's R., 61; *Rand* v. *Rand,* 4 N. H. R., 267. The same principle is equally applicable to lost notes.

The vagueness and indefiniteness of proof is equally an objection to sustaining the count for money had and received. It is not enough to show that a note was some time given, and payable either on demand or time. By the 11th rules of court, 37 Maine R., 571, the defendant is entitled to "a specification of the matters to be proved in support thereof." This, the plaintiff has not given.

The plaintiff is equally unfortunate in his proof of the loss of *a note.* His intestate, the payee of the note, Freeman Snyder, died at sea, off the island of Sicily, August 15, 1855. The plaintiff makes oath that he finds no note among the effects of the intestate, which have come into his hand, but that he finds a note purporting to be signed by the defendant, which is conceded not to be genuine, and which does not even purport to be a copy. For aught appearing, the note given to the plaintiff's intestate, may now be in existence in the hands of an assignee or indorsee.

The plaintiff failing to show both the existence and the loss of the note set forth in his declaration, must become nonsuit.